IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SER. 529 QUAIL
BIRD,
Appellant,
vs.
GREEN TREE SERVICING, LLC; AND
DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING LLC,
Respondents.

No. 74716

**FILED**

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38122

*Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondents' evidence demonstrating Fannie Mae's interest in the loan, but we recently addressed and rejected similar arguments with respect to similar evidence.[2] *Id.* at 850-51. Accordingly, the district court correctly determined that

---

[2]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondents' evidence. 135 Nev., Adv. Op. 30, 445 P.3d at 850 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

appellant took title to the property subject to the first deed of trust.[3] We therefore

ORDER the judgment of the district court AFFIRMED.[4]

_____ C.J.
Gibbons

_____ , J.          _____ , Sr. J.
Stiglich                                 Douglas

cc:    Hon. Joanna Kishner, District Judge
       Law Offices of Michael F. Bohn, Ltd.
       Wolfe & Wyman LLP
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[3]We decline to consider appellant's arguments that were raised for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.