# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 338
FLYING COLT,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 72286

**FILED**

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-38131

court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf and that the foreclosure sale did not extinguish the first deed of trust because Freddie Mac owned the secured loan at the time of the sale.[2]

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondent's evidence demonstrating Freddie Mac's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 850-51.[3] Accordingly, the district court

---

[2]Appellant contends that Freddie Mac could not have owned the loan because the deed of trust assignments from MERS to BAC Home Loans and from Bank of America/BAC Home Loans to respondent also purported to transfer the promissory note. However, this court recognized in *Daisy Trust v. Wells Fargo Bank, N.A.* that Freddie Mac obtains its interest in a loan by virtue of the promissory note being negotiated to Freddie Mac. 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 n.3 (2019). Because the promissory note had already been negotiated to Freddie Mac at the time the deed of trust assignments were executed, MERS and Bank of America/BAC Home Loans lacked authority to transfer the promissory note, and the language in the assignments purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

[3]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the

correctly determined that appellant took title to the property subject to the first deed of trust.[4]  We therefore

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                                               Douglas

cc:   Chief Judge, Eighth Judicial District Court
      Janet Trost, Settlement Judge
      Law Offices of Michael F. Bohn, Ltd.
      Gerrard Cox & Larsen
      Akerman LLP/Las Vegas
      Arnold & Porter Kaye Scholer LLP
      Fennemore Craig P.C./Reno
      Eighth District Court Clerk

---

district court abused its discretion in admitting respondent's evidence. 135 Nev., Adv. Op. 30, 445 P.3d at 850 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

[4]We decline to consider appellant's arguments that were raised for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.