# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 15
BARTON SPRING,
Appellant,
vs.
U.S. BANK NATIONAL ASSOCIATION,
Respondent.

No. 77073

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38134

court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf and that the foreclosure sale did not extinguish the first deed of trust because Freddie Mac owned the secured loan at the time of the sale.[2]

Appellant contends that Freddie Mac did not own the loan on the date of the foreclosure sale because the loan had been securitized. But even if the loan had been securitized on the date of the sale, Freddie Mac still owned the loan by virtue of serving as the trustee for the pool of securitized loans. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144-46 (9th Cir. 2018) (rejecting same argument based on rationale that Fannie Mae or Freddie Mac serves as a trustee).

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondent's evidence demonstrating Freddie Mac's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with

---

[2]Appellant's reliance on *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), is misplaced because the district court in this case did not grant equitable relief by determining that appellant took title subject to the first deed of trust. Rather, the district court determined that the deed of trust survived the foreclosure sale by operation of law (i.e., the Federal Foreclosure Bar).

respect to similar evidence.[3] *Id.* at 850-51. Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.[4]

_____ C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                                           Douglas

cc:     Hon. William D. Kephart, District Judge
        Thomas J. Tanksley, Settlement Judge
        Law Offices of Michael F. Bohn, Ltd.
        Tiffany & Bosco, P. A.
        Fennemore Craig P.C./Reno
        Eighth District Court Clerk

---

[3]Appellant observes that the promissory note in this case, which was submitted as respondent's Exhibit B, does not contain an endorsement. But because appellant did not direct the district court's attention to Exhibit B, we decline to consider the potential relevance of the lack of an endorsement for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondent's evidence. 135 Nev., Adv. Op. 30, 445 P.3d at 850 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.