# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA NEW BUILDS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
JPMORGAN CHASE BANK, N.A.,
Respondent.

No. 74891

FILED

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-38126

250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf and that the foreclosure sale did not extinguish the first deed of trust because Freddie Mac owned the secured loan at the time of the sale.

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan.[2] *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency of respondent's evidence demonstrating Freddie Mac's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 850-51. Accordingly, the district court correctly determined

---

[2]Although *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846 (2019), did not explicitly address the issue, it logically follows from that decision that respondent's status as the recorded deed of trust beneficiary does not create a question of material fact regarding whether Freddie Mac owns the subject loan in this case.

that appellant took title to the property subject to the first deed of trust.[3] We therefore

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                                          Douglas

cc:    Hon. Kathleen E. Delaney, District Judge
       John Walter Boyer, Settlement Judge
       Morris Law Center
       Smith Larsen & Wixom
       Fennemore Craig P.C./Reno
       Arnold & Porter Kaye Scholer LLP/Washington DC
       Eighth District Court Clerk

---

[3]We decline appellant's request to remand this case for the district court to conduct an equitable balancing under *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016). The Federal Foreclosure Bar preempts NRS 116.3116's superpriority provision by operation of law, *Christine View*, 134 Nev. at 272-74, 417 P.3d at 367-68, and no equitable balancing could overcome that preemptive effect.

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.