# IN THE SUPREME COURT OF THE STATE OF NEVADA

JPMORGAN CHASE BANK, N.A.,
Appellant,
vs.
3416 BRAYTON MIST TRUST,
Respondent.

No. 71435

**FILED**

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as appellant have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae.

Here, the district court determined that the Federal Foreclosure Bar did not protect the first deed of trust because Freddie Mac had not publicly recorded its ownership of the loan secured by the first deed of trust. But we recently concluded that Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan and that, consequently, an HOA foreclosure sale purchaser's putative status as

a bona fide purchaser does not protect the purchaser from the Federal Foreclosure Bar's effect. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019).

Respondent also raises arguments challenging the sufficiency of appellant's evidence demonstrating Freddie Mac's ownership of the loan and appellant's status as the loan's servicer, but we recently concluded that evidence like that proffered by appellant satisfied NRS 51.135's standard for admissibility and was sufficient to establish both matters.[1] *Id.* at 850-51. In light of the foregoing, the district court's stated basis for granting summary judgment in respondent's favor was erroneous, and affirming the summary judgment is not otherwise warranted.[2] We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                                          Douglas

---

[1]To the extent respondent raises arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that appellant's proffered evidence was inadmissible.

[2]In light of our disposition, we need not consider the parties' arguments relating to appellant's unjust enrichment counterclaim.

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Gloria Sturman, District Judge
Janet Trost, Settlement Judge
Smith Larsen & Wixom
Law Offices of Michael F. Bohn, Ltd.
Asim Varma
Fennemore Craig P.C./Reno
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A