IN THE SUPREME COURT OF THE STATE OF NEVADA

J&K USA, INC.,
Appellant,
vs.
BANK OF AMERICA, N.A., AS
SUCCESSOR BY JULY 1, 2011 DE
JURE MERGER WITH BAC HOME
LOANS SERVICING, L.P., F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, L.P.,
Respondent.

No. 75555



FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018) (*Christine View*), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19- 38135

is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.[2]

Appellant contends that its predecessor is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide

---

[2]Appellant contends that Fannie Mae could not have owned the loan because the deed of trust assignment from MERS to respondent also purported to transfer the promissory note. However, this court recognized in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 n.3 (2019), that Freddie Mac (or in this case Fannie Mae) obtains its interest in a loan by virtue of the promissory note being negotiated to it. Section A2-1-04 of the Fannie Mae Servicing Guide, which is part of the record in this case, supports the same proposition. Consequently, because the promissory note had already been negotiated to Fannie Mae at the time MERS executed the assignment, MERS lacked authority to transfer the promissory note, and the language in the assignment purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019).[3] Appellant also raises arguments challenging the sufficiency of respondent's evidence demonstrating Fannie Mae's interest in the loan, but we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 850-51.

Appellant additionally contends that application of the Federal Foreclosure Bar violated appellant's due process rights. However, we agree with the Ninth Circuit Court of Appeals' decision in *Federal Home Loan Mortgage Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147-51 (9th Cir. 2018), that (1) an HOA foreclosure sale purchaser does not have a constitutionally protected property interest in obtaining a property free and clear of a first deed of trust; and (2) in any event, the lack of a procedure to obtain the FHFA's consent only implicates an HOA's (and not a purchaser's) procedural due process rights. Accordingly, the district court correctly

---

[3]Although *Daisy Trust* did not explicitly address the issue, it logically follows from that decision that respondent's status as the recorded deed of trust beneficiary does not create a question of material fact regarding whether Fannie Mae owns the subject loan in this case.

determined that appellant took title to the property subject to the first deed of trust.[4] We therefore

ORDER the judgment of the district court AFFIRMED.[5]

_____ C.J.
Gibbons

_____ , J.          _____ , Sr. J.
Stiglich                                Douglas

cc:    Hon. Ronald J. Israel, District Judge
       Charles K. Hauser, Settlement Judge
       Morris Law Center
       Akerman LLP/Las Vegas
       Eighth District Court Clerk

---

[4]We decline appellant's request to remand this case for the district court to conduct an equitable balancing under *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016). The Federal Foreclosure Bar preempts NRS 116.3116's superpriority provision by operation of law, *Christine View*, 134 Nev. at 272-74, 417 P.3d at 367-68, and no equitable balancing could overcome that preemptive effect. We additionally note that the district court's judgment could be affirmed based on respondent's superpriority tender. *Cf. Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 118-21 (2018) (holding that a tender of the superpriority portion of an HOA's lien, which is limited to nine months of assessments when no maintenance or nuisance abatement charges have been incurred, preserves the first deed of trust).

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.