IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SATICOY BAY LLC SERIES 1617 JOSHUA TREE, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. GREEN TREE SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, Respondent. | No. 75189 <br><br> **FILED** <br><br> OCT 2 4 2019 <br><br> ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-44069

of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.[2]

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect.[3] But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank,*

---

[2]Appellant contends that Fannie Mae could not have owned the loan because the deed of trust assignments from MERS to GMAC Mortgage and from GMAC Mortgage to respondent also purported to transfer the promissory note. However, this court recognized in *Daisy Trust v. Wells Fargo Bank, N.A.,* 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 n.3 (2019), that Freddie Mac (or in this case Fannie Mae) obtains its interest in a loan by virtue of the promissory note being negotiated to it. Section A2-1-04 of the Fannie Mae Servicing Guide, which is part of the record in this case, supports the same proposition. Consequently, because the promissory note had already been negotiated to Fannie Mae at the time the assignments were executed, MERS and GMAC Mortgage lacked authority to transfer the promissory note, and the language in the assignments purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

[3]Appellant's reliance on *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.,* 132 Nev. 49, 366 P.3d 1105 (2016), is misplaced because the district court in this case did not grant respondent equitable relief. Rather, the district court determined that the deed of trust survived the foreclosure sale by operation of law (i.e., the Federal Foreclosure Bar).

*N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondent's evidence demonstrating Fannie Mae's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 850-51.[4] Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.[5]

_____ C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:    Hon. Linda Marie Bell, Chief Judge
       Law Offices of Michael F. Bohn, Ltd.
       Wolfe & Wyman LLP
       Fennemore Craig P.C./Reno
       Arnold & Porter Kaye Scholer LLP/Washington DC
       Eighth District Court Clerk

---

[4]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondent's evidence. 135 Nev., Adv. Op. 30, 445 P.3d at 850 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.