# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITIMORTGAGE, INC.,
Appellant,
vs.
LN MANAGEMENT LLC SERIES 1113
DESHIELDS,
Respondent.

No. 73347

FILED

NOV 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

In March 2014, respondent LN Management filed a complaint for quiet title and declaratory relief alleging that it purchased the subject property at an HOA foreclosure sale, extinguishing any first deed of trust on the property. Appellant CitiMortgage and respondent filed competing motions for summary judgment. In denying appellant's motion, the district court found that a genuine issue of material fact existed as to whether appellant had standing to raise the Federal Foreclosure Bar on Freddie Mac's behalf. The district court granted summary judgment in favor of respondent, finding that appellant had the only recorded interest in the property at the time of the HOA foreclosure sale and concluding that the foreclosure sale extinguished its first deed of trust.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-47462

Appellant argues that the district court, in denying appellant's motion for summary judgment, erred when it concluded that a genuine issue of material fact existed as to whether appellant has standing to assert 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar). In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Association*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that the Federal Foreclosure Bar preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 249-51, 396 P.3d 754, 757-58 (2017), this court held that a servicer of a loan owned by a regulated entity such as Freddie Mac or Fannie Mac has standing to assert the Federal Foreclosure Bar on the entity's behalf. Appellant was servicing a loan owned by Freddie Mac and therefore had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf. As such, we hold that the district court erred when it determined that there was a genuine issue regarding appellant's standing.

Appellant also contends that the district court erred in ignoring Freddie Mac's interest in the property when granting summary judgment in favor of respondent. The district court determined that there was no interest recorded against the property or other evidence showing that anyone other than appellant possessed a beneficial interest in the property. However, appellant provided a declaration from a Freddie Mac employee and internal business records demonstrating Freddie Mac's interest, which we recently concluded was sufficient to establish that Freddie Mac owned the subject loan. *See Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv.

SUPREME COURT
OF
NEVADA

(O) 1947A

Op. 30, 445 P.3d 846, 849-51 (2019).[2] Contrary to respondent's argument, appellant did not need to produce the original promissory note showing Freddie Mac's ownership. *See id.* Moreover, as we concluded in *Daisy Trust,* appellant did not need to publicly record its ownership interest in the subject loan. *Id.* at 849. Consistent with that decision, we hold that the district court erred when it concluded that the foreclosure sale extinguished the first deed of trust.

In light of the foregoing, the district court's bases for granting summary judgment in respondent's favor were erroneous.[3] We therefore

---

[2]We note that respondent's claim regarding appellant's affidavit declaring that appellant was the "holder" of both the note and deed of trust at the time of the foreclosure sale is inconsequential. To the extent that such affidavit creates inconsistencies in the ownership of the loan, summary judgment should not have been granted because genuine issues of material facts still existed. We also decline to consider respondent's forgery argument for failure to cogently argue such claim. *See Edwards v. Emperor Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

[3]Because we determine that the district court erred in holding that the foreclosure sale extinguished the first deed of trust, we need not address appellant's argument that the HOA foreclosed on only the subpriority portion of its lien.

ORDER the judgments of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Susan Johnson, District Judge
       Akerman LLP/Las Vegas
       Kerry P. Faughnan
       Fennemore Craig P.C./Reno
       Arnold & Porter Kaye Scholer LLP/Washington DC
       Eighth District Court Clerk