# IN THE SUPREME COURT OF THE STATE OF NEVADA

TIM RADECKI,
Appellant,
vs.
BANK OF AMERICA, N.A.,
Respondent.

No. 77615

**FILED**

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-03254

court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.[2]

Appellant contends that Fannie Mae could not have owned the loan because respondent was the record deed of trust beneficiary, but we recently held that Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondent's evidence demonstrating Fannie Mae's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence.[3] *Id.* at 850-51.

---

[2]Appellant contends that Fannie Mae could not have owned the loan because the deed of trust assignment from MERS to respondent's predecessor also purported to transfer the promissory note. However, this court recognized in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 n.3 (2019), that Freddie Mac (or in this case Fannie Mae) obtains its interest in a loan by virtue of the promissory note being negotiated to it. Section A2-1-04 of the Fannie Mae Servicing Guide, of which we take judicial notice, NRS 47.130; NRS 47.170, stands for the same proposition. Consequently, because the promissory note had already been negotiated to Fannie Mae at the time the assignment was executed, MERS lacked authority to transfer the promissory note, and the language in the assignment purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

[3]We decline to consider appellant's admissibility-related arguments that were not made in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

Appellant also contends that application of the Federal Foreclosure Bar violated appellant's due process rights. However, we agree with the Ninth Circuit Court of Appeals' decision in *Federal Home Loan Mortgage Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147-51 (9th Cir. 2018), that (1) an HOA foreclosure sale purchaser does not have a constitutionally protected property interest in obtaining a property free and clear of a first deed of trust; and (2) in any event, the lack of a procedure to obtain the FHFA's consent only implicates an HOA's (and not a purchaser's) procedural due process rights. Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.[4]

_____Pickering_____, C.J.
Pickering

_____Gibbons_____, J.                _____Douglas_____, Sr. J.
Gibbons                                          Douglas

---

49, 52, 623 P.2d 981, 983 (1981). Relatedly, although appellant complains that respondent did not disclose certain documents, appellant has not cited any portion of the record wherein appellant requested those documents, and appellant was similarly unable to answer the district court's question at the August 30, 2018, hearing as to whether appellant had made any such requests.

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Richard Scotti, District Judge
Kristine M. Kuzemka, Settlement Judge
The Wright Law Group
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Eighth District Court Clerk