IN THE SUPREME COURT OF THE STATE OF NEVADA

ALBERT ANTHONY PERENCIN,
TRUSTEE OF THE ALBERT ANTHONY
PERENCIN REVOCABLE LIVING
TRUST,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 77597

FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal. Although we remind appellant's counsel of his obligation to submit briefs that are NRAP-compliant, we decline respondent's invitation to impose monetary sanctions.

20-03255

as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the sale.[2]

Appellant contends that Fannie Mae could not have owned the loan because respondent was the record deed of trust beneficiary, but we recently held that Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan.[3] *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency of respondent's evidence demonstrating Fannie Mae's interest in the loan, but

---

[2]Appellant contends that Fannie Mae could not have owned the loan because the deed of trust assignment from Bank of America to respondent also purported to transfer the promissory note. However, this court recognized in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 n.3 (2019), that Freddie Mac (or in this case Fannie Mae) obtains its interest in a loan by virtue of the promissory note being negotiated to it. Section A2-1-04 of the Fannie Mae Servicing Guide, which is part of the record in this case, stands for the same proposition. Consequently, because the promissory note had already been negotiated to Fannie Mae at the time the assignment was executed, Bank of America lacked authority to transfer the promissory note, and the language in the assignment purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

[3]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that reversal is warranted.

we recently addressed and rejected similar arguments with respect to similar evidence. *Id.* at 850-51. Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust.[4] We therefore

ORDER the judgment of the district court AFFIRMED.[5]

_____Pickering_____, C.J.
Pickering

_____Gibbons_____ J.
Gibbons

_____Douglas_____, Sr. J.
Douglas

cc:    Hon. James Crockett, District Judge
       Hong & Hong
       Akerman LLP/Las Vegas
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[4]Although the district court did not explicitly find that the superpriority tender by respondent's predecessor preserved the deed of trust, we note that affirming on that alternative ground is warranted. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606-12, 427 P.3d 113, 117-21 (2018) (holding that a superpriority tender prevents a first deed of trust from being extinguished by an HOA's foreclosure sale).

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.