IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC., A
NEVADA CORPORATION,
Appellant,
vs.
DITECH FINANCIAL, LLC; AND BANK
OF AMERICA, N.A., A NATIONAL
ASSOCIATION,
Respondents.

No. 77526

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev.724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), we held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as a conservator of a federal entity such as Freddie Mac or Fannie Mae).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

Consistent with that decision, the district court correctly determined that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the foreclosure sale.

Appellant contends that the district court erred by finding that the loan was owned by Fannie Mae because the recorded deed of trust named a different entity as its beneficiary—nonparty Community Lending, Inc.—at the time of the foreclosure sale.[2] However, we recently held that Nevada law does not require a federal entity, such as Fannie Mae, to publicly record its ownership interest in the subject loan, and that its acquisition of a loan is not a conveyance within the meaning of NRS 111.325. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019). And, we further held that evidence such as that presented by respondents below sufficiently demonstrates Fannie Mae's ownership of the loan. *Id.* at 234-36, 445 P.3d at 850-51. We also concluded that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to

---

[2]Appellant fails to cogently challenge the evidentiary standards this court discussed in *Daisy Trust* for demonstrating Fannie Mae's ownership of a loan, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that this court need not address claims that are not cogently argued or supported with relevant authority), and this court has held that servicers such as respondents have standing to assert the Federal Foreclosure Bar, *see Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), negating appellant's argument to the contrary.

publicly record its ownership interest in the subject loan. *Id.* at 234, 445 P.3d at 849. We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Joanna Kishner, District Judge
        Larry J. Cohen, Settlement Judge
        Hong & Hong
        Akerman LLP/Las Vegas
        Eighth District Court Clerk