IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA SANDCASTLES, LLC,
Appellant,
vs.
BANK OF AMERICA, N.A.,
Respondent.

No. 78119

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.,* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n,* 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC,* 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-18619

court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf and that the foreclosure sale did not extinguish the first deed of trust because Freddie Mac owned the secured loan at the time of the sale.

Appellant contends that Freddie Mac could not have owned the loan because respondent was the record deed of trust beneficiary, but we recently held that Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019). Appellant also challenges the sufficiency and admissibility of respondent's evidence demonstrating Freddie Mac's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence.[2] *Id.* at 234-36, 445 P.3d at 850-51.

Appellant also contends that application of the Federal Foreclosure Bar violated its due process rights. However, we agree with the Ninth Circuit Court of Appeals' decision in *Federal Home Loan Mortgage Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147-51 (9th Cir. 2018), that (1) an HOA foreclosure sale purchaser does not have a constitutionally protected property interest in obtaining a property free and clear of a first deed of trust; and (2) in any event, the lack of a procedure to obtain the FHFA's consent only implicates an HOA's (and not a purchaser's) procedural due process rights. Accordingly, the district court correctly

---

[2]We decline to consider appellant's admissibility-related arguments that were not made in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Relatedly, although appellant complains that respondent did not disclose certain documents, appellant has not cited any portion of the record wherein appellant requested those documents.

determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Timothy C. Williams, District Judge
       John Walter Boyer, Settlement Judge
       The Wright Law Group
       Akerman LLP/Las Vegas
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk