IN THE SUPREME COURT OF THE STATE OF NEVADA

COLLEGIUM FUND LLC SERIES 7, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
DITECH FINANCIAL, LLC,
Respondent.

No. 76168

FILED

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-23424

court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf and that the foreclosure sale did not extinguish the first deed of trust because Freddie Mac owned the secured loan at the time of the sale.

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect.[2] But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019).[3] Appellant also raises arguments challenging the sufficiency and admissibility of respondent's evidence demonstrating Freddie Mac's interest in the loan and respondent's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence.[4] *Id.* at 234-36, 445 P.3d at 850-51. Accordingly,

---

[2]Appellant's reliance on *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), is misplaced because the district court in this case did not grant respondent equitable relief. Rather, the district court determined that the deed of trust survived the foreclosure sale by operation of law (i.e., the Federal Foreclosure Bar).

[3]It logically follows from *Daisy Trust* that respondent's status as the recorded deed of trust beneficiary does not create a question of material fact regarding whether Freddie Mac owns the subject loan in this case.

[4]To the extent that appellant raises arguments that were not expressly addressed in *Daisy Trust*, we are not persuaded that those arguments warrant reversal.

the district court correctly determined that appellant took title to the property subject to the first deed of trust.[5] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.        _____, J.
Hardesty                                              Cadish

cc:     Hon. Susan Johnson, District Judge
        Clark Newberry Law Firm
        Wright, Finlay & Zak, LLP/Las Vegas
        Eighth District Court Clerk

---

[5]In light of this disposition, we need not consider whether affirming based on *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A.*, 136 Nev., Adv. Op. 6, 458 P.3d 348 (2020), is warranted.