135 Nev., Advance Opinion *30*

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAISY TRUST,
Appellant,
vs.
WELLS FARGO BANK, N.A.,
Respondent.

No. 72747

**FILED**

JUL 25 2019


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

*Affirmed.*

Law Offices of Michael F. Bohn, Ltd., and Michael F. Bohn, Henderson, for Appellant.

Snell & Wilmer, LLP, and Andrew M. Jacobs and Kelly H. Dove, Las Vegas, for Respondent.

Fennemore Craig, P.C., and Leslie L. Bryan-Hart and John D. Tennert, Reno; Arnold & Porter Kaye Scholer LLP and Elliott C. Mogul, Washington, D.C.,
for Amicus Curiae Federal Housing Finance Agency.

BEFORE THE COURT EN BANC.

19-31364

*OPINION*

By the Court, CADISH, J.:

In *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), this court held that NRS 116.3116(2) provides a homeowners' association (HOA) with a "superpriority" lien that, when properly foreclosed, extinguishes a first deed of trust. That is not the case, however, when the Federal Housing Finance Agency (FHFA) owns the loan secured by the deed of trust or when the FHFA is acting as conservator of a federal entity such as the Federal Home Loan Mortgage Corporation (Freddie Mac) or the Federal National Mortgage Association (Fannie Mae). As we explained in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), the provision in 12 U.S.C. § 4617(j)(3) (2012), commonly referred to as the Federal Foreclosure Bar, preempts NRS 116.3116(2) and prevents an HOA foreclosure sale from extinguishing the first deed of trust in those circumstances.

In this appeal, we consider two issues related to the Federal Foreclosure Bar. First, we consider whether Freddie Mac must be identified as the beneficiary on the publicly recorded deed of trust to establish its ownership interest in the subject loan. We hold that Nevada's recording statutes impose no such requirement. Second, we consider whether Freddie Mac's loan servicer must produce the actual loan servicing agreement with Freddie Mac or the original promissory note to establish Freddie Mac's ownership interest in the loan.[1] We hold that neither of those documents is

---

[1]We held in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC (Nationstar 1)*, 133 Nev. 247, 250-51, 396 P.3d 754, 757 (2017), that a loan servicer has standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae.

 

required to establish Freddie Mac's ownership interest where properly authenticated business records otherwise establish that ownership interest. Because the loan servicer in this case introduced such records, we affirm the judgment of the district court, which determined Freddie Mac owned the subject loan at the time of the HOA's foreclosure sale, such that the HOA sale purchaser took title to the property subject to the first deed of trust by operation of the Federal Foreclosure Bar.

## BACKGROUND

In September 2007, Donald and Cynthia Blume obtained a loan from Universal American Mortgage Company (Universal) to purchase the subject property, which is governed by an HOA. The Blumes executed a promissory note in favor of Universal wherein they promised to repay the loan, and as security for the loan, the Blumes executed a deed of trust that identified Mortgage Electronic Registration Systems, Inc. (MERS), as the "nominee" beneficiary on behalf of Universal and Universal's successors. In November 2007, Universal sold its interest in the secured loan to Freddie Mac. MERS remained the record deed of trust beneficiary until 2011, when it assigned the beneficial interest in the deed of trust to respondent Wells Fargo. That assignment was recorded in March 2011.

By that time, the Blumes were delinquent on their monthly HOA assessments, and the HOA instituted foreclosure proceedings under NRS Chapter 116. Ultimately, a foreclosure sale was held in August 2012, at which appellant Daisy Trust placed the winning bid and purchased the property for $10,500. Daisy Trust subsequently instituted the underlying quiet title action against Wells Fargo and other defendants who are not parties to this appeal.

After Daisy Trust instituted the action, Wells Fargo revealed that although it was the publicly recorded deed of trust beneficiary as of 2011, Freddie Mac had owned the loan since the 2007 acquisition from Universal and that Wells Fargo had been servicing the loan on Freddie Mac's behalf. Wells Fargo moved for summary judgment based in part on the Federal Foreclosure Bar, with the decisive issue being whether Freddie Mac owned the loan when the HOA foreclosure sale occurred. In support of its position, Wells Fargo produced declarations from April Hatfield, a Wells Fargo employee, and Dean Meyer, a Freddie Mac employee, attesting that Freddie Mac acquired the loan in November 2007 and owned it at the time of the foreclosure sale. Accompanying the declarations were printouts from Wells Fargo's and Freddie Mac's databases. Wells Fargo's printouts reflected a "loan transfer history" showing a date of November 13, 2007, and Freddie Mac's printouts reflected a "funding date" of November 13, 2007. Ms. Hatfield and Mr. Meyer attested that the "loan transfer" and "funding date" referred to the date when Universal sold the loan to Freddie Mac. Ms. Hatfield also attested that an "acquisition date" contained in Wells Fargo's printouts referred to the date when Wells Fargo began servicing the loan on Freddie Mac's behalf, and Mr. Meyer similarly attested that a "servicer number" in Freddie Mac's printouts referred to Wells Fargo. Ms. Hatfield and Mr. Meyer further attested that their respective printouts showed that Freddie Mac owned the loan when the foreclosure sale occurred.

In opposition, Daisy Trust argued (1) Freddie Mac could not establish its ownership interest because Wells Fargo was the publicly recorded deed of trust beneficiary, and (2) the documentation provided by Ms. Hatfield and Mr. Meyer was insufficient to demonstrate Freddie Mac's ownership because it did not include the loan servicing agreement between

SUPREME COURT
OF
NEVADA

(O) 1947A

4

Wells Fargo and Freddie Mac or the promissory note. The district court rejected Daisy Trust's argument that Freddie Mac needed to be the recorded deed of trust beneficiary, and it also determined that Ms. Hatfield's and Mr. Meyer's declarations, combined with their supporting documentation, sufficiently established that Wells Fargo was servicing the loan on Freddie Mac's behalf and that Freddie Mac owned the loan on the date of the foreclosure sale. Consequently, the district court granted summary judgment for Wells Fargo, concluding that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing the deed of trust and that Daisy Trust therefore took title to the property subject to the deed of trust. This appeal followed.

## DISCUSSION

We review a district court's decision to grant summary judgment and its conclusions of law de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005); *Pressler v. City of Reno*, 118 Nev. 506, 509, 50 P.3d 1096, 1098 (2002). However, we review a district court's decision to admit evidence for an abuse of discretion. *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008). "If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007).

On appeal, Daisy Trust makes the same two primary arguments that it made in district court: (1) as a matter of law, Freddie Mac needed to be the publicly recorded deed of trust beneficiary to establish that it owned the loan; and (2) even if Freddie Mac did not need to be the beneficiary of record, Wells Fargo's documentation showing that Freddie

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Mac owned the loan and that Wells Fargo was servicing the loan on Freddie Mac's behalf was insufficient absent a copy of the actual loan servicing agreement between Wells Fargo and Freddie Mac and the original promissory note.[2] We consider each argument in turn.

*Freddie Mac did not need to be the beneficiary of record to establish its ownership interest*

Daisy Trust contends that Nevada's recording statutes required Freddie Mac to record its interest in the loan. Daisy Trust points to NRS 106.210 and NRS 111.325 as the relevant statutes. Respectively, those statutes currently provide that "any assignment of the beneficial interest under a deed of trust must be recorded" and that "[e]very conveyance of real property within this State . . . which shall not be recorded . . . shall be void as against any subsequent purchaser, in good faith and for a valuable consideration." However, when Freddie Mac acquired the loan in 2007, NRS 106.210 provided that "any assignment of the beneficial interest under a deed of trust *may be recorded*." NRS 106.210(1) (1965) (emphasis added); *see* 2011 Nev. Stat., ch. 81, § 14.5, at 339 (stating the statutory amendment to NRS 106.210 applies to assignments of interest made on or after July 1, 2011). Thus, under the applicable version of NRS 106.210, there was no requirement that any assignment to Freddie Mac needed to be recorded. Regardless, we are not persuaded that even the current version of NRS 106.210 would be implicated or that NRS 111.325 is implicated because

---

[2]Although Daisy Trust argued in district court that Wells Fargo should have been required to produce the original promissory note, it appears Daisy Trust is arguing on appeal that Ms. Hatfield and Mr. Meyer needed to expressly attest that they inspected the original promissory note. We address both versions of Daisy Trust's argument below.

SUPREME COURT
OF
NEVADA

(O) 1947A

there is no requirement that the beneficial interest in the deed of trust needed to be "assigned" or "conveyed" to Freddie Mac in order for Freddie Mac to acquire ownership of the loan. To the contrary, we expressly recognized in *Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 520-21, 286 P.3d 249, 259-60 (2012), that MERS can serve as the record deed of trust beneficiary on behalf of a lender and a lender's successors, such as Universal and Freddie Mac in this case. And we then clarified in *In re Montierth*, 131 Nev. 543, 547-48, 354 P.3d 648, 650-51 (2015), that even though a promissory note and accompanying deed of trust may be "split," the note nevertheless remains fully secured by the deed of trust when the record deed of trust beneficiary is in an agency relationship with the note holder.[3] In this case, the record deed of trust beneficiary (MERS and then Wells Fargo) was at all times in an agency relationship with the note holder (Universal and then Freddie Mac). *See Edelstein*, 128 Nev. at 520-21, 286 P.3d at 259-60; *see also Nationstar 1*, 133 Nev. at 250, 396 P.3d at 757 (observing that a loan servicer can be Freddie Mac's or Fannie Mae's contractually authorized agent). Therefore, consistent with *Edelstein* and

---

[3]Consistent with *Montierth*, we note that the Freddie Mac Single-Family Seller/Servicer Guide (Guide), which governs Freddie Mac's relationship with its loan servicers, contemplates Freddie Mac being the note holder while its loan servicer remains the recorded deed of trust beneficiary. *See* Guide at 6301.3 (explaining that the entity selling the loan to Freddie Mac must endorse the promissory note in blank at the time Freddie Mac purchases the loan); *id.* at 6301.6 (explaining that an assignment of the security instrument to Freddie Mac is necessary only if Freddie Mac directs such an assignment to be made). We take judicial notice of the Guide. *See* NRS 47.130; NRS 47.170; *cf. Berezovsky v. Moniz*, 869 F.3d 923, 932 n.9 (9th Cir. 2017) (taking judicial notice of the same Guide).

*Montierth*, the deed of trust did not have to be "assigned" or "conveyed" to Freddie Mac in order for Freddie Mac to own the secured loan, meaning that neither NRS 106.210 nor NRS 111.325 was implicated. Accordingly, we agree with the district court that Nevada's recording statutes did not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest. We therefore need not address Freddie Mac's argument that the Federal Foreclosure Bar preempts Nevada's recording statutes; nor is it necessary to address Daisy Trust's argument that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect.

*Wells Fargo did not need to produce the loan servicing agreement or the original promissory note*

Even if Freddie Mac did not need to record its interest in the loan, Daisy Trust contends that Wells Fargo failed to introduce sufficient evidence of Freddie Mac's ownership. Daisy Trust primarily contends that Wells Fargo should have been required to produce a copy of the actual loan servicing agreement between Wells Fargo and Freddie Mac and the original promissory note.

We are not persuaded that the district court abused its discretion in determining that Wells Fargo sufficiently established Freddie Mac's ownership of the loan without those two documents. *M.C. Multi-Family Dev., LLC*, 124 Nev. at 913, 193 P.3d at 544; *Cuzze*, 123 Nev. at 602, 172 P.3d at 134. We agree with the district court that Ms. Hatfield's and Mr. Meyer's respective declarations in which they both confirmed Wells Fargo's status as Freddie Mac's loan servicer, combined with the authorizations in the Guide that are generally applicable to Freddie Mac's

loan servicers, *see, e.g.*, Guide at 8101.1 ("The Servicer . . . agrees that it will represent and defend Freddie Mac's interest in the applicable Mortgage(s) . . . to the same extent it would represent and defend its own interest."), were sufficient to show that Wells Fargo was in fact Freddie Mac's loan servicer with authority to assert the Federal Foreclosure Bar on Freddie Mac's behalf. *Cf. Berezovsky v. Moniz*, 869 F.3d 923, 932-33 (9th Cir. 2017) (determining similar evidence was sufficient to establish Freddie Mac's contractual authorization of its loan servicer in the absence of contrary evidence). In this respect, Daisy Trust's reliance on *Nationstar 1* is misplaced, as we had no occasion to consider whether the loan servicer in that case had presented sufficient evidence to show that Freddie Mac owned the loan or that the servicer had a contract with Freddie Mac to service the loan. *See Nationstar 1*, 133 Nev. at 252, 396 P.3d at 758 (observing that the district court did not address factual issues about loan ownership and servicing relationship).

We likewise agree with the district court that Wells Fargo did not have to produce the original promissory note and reject Daisy Trust's suggestion that Ms. Hatfield and Mr. Meyer should have been required to expressly attest that they inspected the original promissory note. Most notably, producing the actual note or having Ms. Hatfield and Mr. Meyer attest that they inspected the note would not help establish when Freddie Mac obtained ownership of the loan or that it retained such ownership as of the date of the foreclosure sale, as there is no legal requirement that an endorsement on a promissory note be dated. *See* NRS 104.3204 (discussing the endorsement of a promissory note and not providing any requirement that the endorsement be dated); U.C.C. § 3-204 (same).

In contrast, the printouts accompanying Ms. Hatfield's and Mr. Meyer's declarations were probative on that issue, and both declarations explained how the declarants were qualified to lay a foundation for the admissibility of those documents under NRS 51.135's business-records exception to the hearsay rule. In particular, both declarations attested that the database entries contained in the printouts were made (1) at or near the time of the event being recorded, (2) by a person with knowledge of the event, and (3) in the course of the business's regularly conducted activity. *See* NRS 51.135 (imposing these requirements for the admissibility of business records). Having met the requirements of the business-records exception, the evidence was not inadmissible simply because neither Ms. Hatfield nor Mr. Meyer personally entered the information into Wells Fargo's or Freddie Mac's databases or had firsthand knowledge of the events being entered into the databases. *See U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1044 (9th Cir. 2009) ("It is not necessary for each individual who entered a record . . . into the database to testify as to the accuracy of each piece of data entered."); 30B Charles Alan Wright & Jeffrey Bellin, *Federal Practice and Procedure* § 6863 (2017) ("The question of the sufficiency of the foundation witness' knowledge centers on the witness' familiarity with the organization's record keeping practices, not any particular record. Thus, the witness need not be able to attest to the accuracy of a particular record or entry. If knowledge were required as to each particular entry in a record, document custodians could rarely satisfy the requirements of [the federal analog to NRS 51.135]." (internal quotation marks and footnotes omitted)). Accordingly, the district court was within its discretion in determining that Wells Fargo's and Freddie Mac's database

printouts were admissible under NRS 51.135. *Cf. Berezovsky*, 869 F.3d at 932 n.8 (upholding the admissibility of similar records under the federal analog to NRS 51.135).

To the extent that Daisy Trust simply does not trust what Ms. Hatfield and Mr. Meyer attested to, Daisy Trust bore the burden of showing that their declarations or the printouts were *not* trustworthy. *See* NRS 51.135 (providing that business records are admissible "*unless* the source of information or method or circumstances of preparation indicate lack of trustworthiness" (emphasis added)); *see also Cuzze*, 123 Nev. at 602, 172 P.3d at 134 (explaining the moving and opposing parties' respective burdens of production and persuasion on summary judgment). Daisy Trust failed to do so.[4] Accordingly, in the absence of contrary evidence, Wells Fargo's and Freddie Mac's business records sufficiently demonstrated that Freddie Mac owned the loan on the date of the foreclosure sale.

---

[4]We also are not persuaded by Daisy Trust's other admissibility-related arguments, including that the business records were prepared in anticipation of litigation and that Wells Fargo needed to satisfy the standard for admissibility discussed in *In re Vee Vinhnee*, 336 B.R. 437, 446 (9th Cir. B.A.P. 2005).

We therefore affirm the district court's judgment that the Federal Foreclosure Bar prevented the sale from extinguishing the deed of trust and that Daisy Trust took title to the property subject to the deed of trust.

_____, J.
Cadish

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver