IN THE SUPREME COURT OF THE STATE OF NEVADA

RH KIDS, LLC,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 75751

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38137

250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf and that the foreclosure sale did not extinguish the first deed of trust because Freddie Mac owned the secured loan at the time of the sale.

Appellant contends that Freddie Mac could not have owned the loan because Freddie Mac did not publicly record its ownership interest in the loan. But we recently held in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019), that Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan, and it logically follows from that decision that respondent's status as the recorded deed of trust beneficiary does not create a question of material fact regarding whether Freddie Mac owns the subject loan in this case.[2] Appellant also raises arguments challenging the sufficiency of respondent's evidence demonstrating Freddie Mac's interest in the loan, but we recently addressed and rejected similar arguments with respect to similar evidence.

---

[2]Appellant contends that Freddie Mac could not have owned the loan because the 2013 deed of trust assignment from Bank of America to respondent also purported to transfer the promissory note. However, the 2012 deed of trust assignment from MERS to Bank of America did not transfer the promissory note. Consequently, the language in the 2013 assignment purporting to transfer the note had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

*Id.* at 850-51.  Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust.  We therefore

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                                                Douglas

cc:     Hon. Ronald J. Israel, District Judge
        Hong & Hong
        Akerman LLP/Las Vegas
        Fennemore Craig P.C./Reno
        Arnold & Porter Kaye Scholer LLP/Washington DC
        Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.