# IN THE SUPREME COURT OF THE STATE OF NEVADA

LVDG, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY,
Respondent.

No. 74667

FILED

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19.38118

250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as respondent have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that respondent had standing to assert the Federal Foreclosure Bar on Freddie Mac's behalf and that the foreclosure sale did not extinguish the first deed of trust because Freddie Mac owned the secured loan at the time of the sale.

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect. But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan.[2] *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondent's evidence demonstrating Freddie Mac's interest in the loan, but we recently addressed and rejected similar arguments with respect to similar evidence.[3] *Id.* at 850-51.

---

[2]Appellant contends that the February 2012 deed of trust assignment from Mortgage Electronic Registration Systems to Ocwen Loan Servicing also assigned the underlying note. However, the assignment contains no such language.

[3]Appellant criticizes Rebecca Thomas' affidavit as being self-serving, but that does not render it or the supporting documents inadmissible. *Wilson v. McRae's, Inc.*, 413 F.3d 692, 694 (7th Cir. 2005) ("Most affidavits are self-serving, as is most testimony . . . .").

Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.[4]

_____ C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                              Douglas

cc:    Hon. Michael Villani, District Judge
       Janet Trost, Settlement Judge
       Roger P. Croteau & Associates, Ltd.
       Akerman LLP/Las Vegas
       Fennemore Craig P.C./Reno
       Arnold & Porter Kaye Scholer LLP/Washington DC
       Eighth District Court Clerk

_____

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.