# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITIMORTGAGE, INC.,
Appellant,
vs.
SATICOY BAY LLC SERIES 3084
BELLAVISTA LANE,
Respondent.

No. 71606

FILED

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such as appellant have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38141

Here, the district court determined that the Federal Foreclosure Bar did not protect the first deed of trust because Fannie Mae had not publicly recorded its ownership of the loan secured by the first deed of trust. But we recently concluded that Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan and that, consequently, an HOA foreclosure sale purchaser's putative status as a bona fide purchaser does not protect the purchaser from the Federal Foreclosure Bar's effect. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019).[2]

Respondent also raises arguments challenging the sufficiency of appellant's evidence demonstrating Fannie Mae's ownership of the loan and appellant's status as the loan's servicer, but we recently concluded that evidence like that proffered by appellant satisfied NRS 51.135's standard

---

[2]Respondent contends that Fannie Mae could not have owned the loan because the deed of trust assignments also purported to transfer the promissory note. However, this court recognized in *Daisy Trust* that Freddie Mac (or in this case Fannie Mae) obtains its interest in a loan by virtue of the promissory note being negotiated to Freddie Mac. 135 Nev., Adv. Op. 30, 445 P.3d at 849 n.3. Section A2-1-04 of the Fannie Mae Servicing Guide, which is part of the record in this case, supports the same proposition. Consequently, because the promissory note had already been negotiated to Fannie Mae at the time the deed of trust assignments were executed, the assigning entities lacked authority to transfer the promissory note, and the language in the assignments purporting to do so had no effect. *See* 6A C.J.S. Assignments § 111 (2019) ("An assignee stands in the shoes of the assignor and ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.").

for admissibility and was sufficient to establish both matters.[3] *Id.* at 850-51.

In light of the foregoing, the district court's stated basis for granting summary judgment in respondent's favor was erroneous, and affirming the summary judgment is not otherwise warranted. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:    Hon. Jerry A. Wiese, District Judge
       Robert F. Saint-Aubin, Settlement Judge
       Akerman LLP/Las Vegas
       Wolfe & Wyman LLP
       Law Offices of Michael F. Bohn, Ltd.
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[3]To the extent respondent has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that appellant's proffered evidence was inadmissible.

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.