# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
Respondent.

No. 75890

**FILED**

OCT 2 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.[1]

Having considered the parties' arguments and the record, we conclude that the district court may have erred in granting summary judgment for respondent. Respondent supported its summary judgment motion with computer printouts from Freddie Mac's database and attempted to authenticate those printouts with a declaration from Dean Meyer, which this court recently recognized is sufficient to satisfy NRS 51.135's standard for admissibility. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). However, appellant filed a motion to strike Dean Meyer as a witness and his accompanying declaration on the ground that Dean Meyer had not been listed as a witness

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-43941

and that the declaration had not been provided during the course of discovery. Although the district court's written order granting summary judgment could be construed as impliedly denying the motion, there is no evidence in the record from which we could confidently infer that the district court based any such denial on a conclusion that the delayed disclosures were substantially justified or harmless. NRCP 37(c)(1) (2005) (recognizing that discovery sanctions are warranted for failure to comply with discovery obligations unless the failure was with "substantial justification" or if the noncompliance was "harmless"). This is particularly so because appellant asked to depose Mr. Meyer as an alternative to striking him and his declaration. Accordingly, we cannot affirm the district court's summary judgment based solely on *Daisy Trust* and the existing record.[2] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Parraguirre                                 Douglas

---

[2]We decline appellant's request to order the district court to enter judgment in appellant's favor.

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Hon. Michael Villani, District Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Arnold & Porter Kaye Scholer LLP/Washington DC
Eighth District Court Clerk