NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Plaintiff-Appellee,

  v.

RON HAUS; EVA BEROU,

        Defendants-Appellants,

 and

LOS PRADOS COMMUNITY
ASSOCIATION,

        Defendant,

  v.

FEDERAL HOUSING FINANCE
AGENCY,

        Movant.

No.   19-17224

D.C. No.
2:17-cv-01756-RFB-DJA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 2, 2020[]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,[***] District Judge.

Ron Haus and Eva Berou ("Appellants") appeal the district court's grant of summary judgment in favor of Federal National Mortgage Association ("Fannie Mae") in this declaratory judgment/quiet title action. Appellants purchased certain real property in Nevada at a foreclosure sale conducted by a homeowner's association ("HOA"). Fannie Mae sought application of the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), because the Federal Housing Finance Agency ("FHFA"), as conservator for Fannie Mae, did not consent to the foreclosure sale. We have jurisdiction under 28 U.S.C. § 1291 and review the summary judgment grant de novo. *Berezovsky v. Moniz,* 869 F.3d 927, 929 (9th Cir. 2017).

Pursuant to the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), without the FHFA's express consent, an HOA foreclosure under Nevada law does not extinguish the interest of FHFA as conservator for Fannie Mae. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1146–47 (9th Cir. 2018). Although

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Nationstar Mortgage, LLC, the servicer for Fannie Mae, was the record beneficiary of the deed of trust at the time of the foreclosure sale, Fannie Mae sufficiently established its ownership interest in the note and deed of trust at the time of the sale using authenticated business records. *Berezovsky*, 869 F.3d at 932–33.

The district court correctly held that Fannie Mae's failure to record its ownership interest did not preclude application of the Federal Foreclosure Bar. When the recording document lists the deed-of-trust beneficiary, but not the note owner, "an 'agency relationship' with the recorded beneficiary preserves the note owner's power to enforce its interest under the security instrument, because the note owner can direct the beneficiary to foreclose on its behalf." *Id*. at 932 (citing *In re Montierth*, 354 P.3d 648, 650–51 (Nev. 2015)). Accordingly, the district court correctly concluded that Fannie Mae possessed an ownership interest and properly applied the Federal Foreclosure Bar. *Fed. Home Loan Mortg. Corp.*, 893 F.3d at 1149–50.

Appellants attempt to use the statute of frauds to circumvent this result, but as a third party to the note and deed of trust transactions, they cannot invoke the statute. *In re Circle K Corp.*, 127 F.3d 904, 908 (9th Cir. 1997) (it would be for the original contracting parties, not a third party, to raise the statute of frauds as a defense); *see also Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963) (stranger to an alleged agreement cannot challenge legal sufficiency of writings).

3

Nor can Appellants rely on Nevada's Bona Fide Purchaser laws. Appellants had notice of an adverse interest in the property because the deed of trust was recorded in the name of Fannie Mae's agent—its former servicer—at the time of the foreclosure sale. *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019) (en banc).

Finally, application of the Federal Foreclosure Bar does not violate Appellants' due process rights. *Fed. Home Loan Mortg.*, 893 F.3d at 1147–50 (federal preemption forecloses purchaser's purported interest in the property prior to its vestment; thus, purchaser has no constitutionally protected property interest under state law).

**AFFIRMED.**