IN THE SUPREME COURT OF THE STATE OF NEVADA

DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING LLC, A
DELAWARE LIMITED LIABILITY
COMPANY,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 78430

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court final judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.[1]

The district court granted respondent's NRCP 52(c) motion, reasoning that appellant's assertion of the Federal Foreclosure Bar was untimely under 12 U.S.C. § 4617(b)(12)'s three-year limitation period. However, we recently held in *JPMorgan Chase Bank, National Ass'n v. SFR Investments Pool 1, LLC*, 136 Nev., Adv. Op. 68 (2020), that 12 U.S.C. § 4617(b)(12)'s six-year limitation period applies to any action brought to enforce the Federal Foreclosure Bar. Because appellant timely asserted the Federal Foreclosure Bar in its October 2017 amended answer and counterclaim, the district court's legal basis for granting respondent's NRCP 52(c) motion was erroneous. *See id.* at 4 (reviewing de novo the applicability of a statute of limitations when the facts are undisputed).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-41523

We further conclude that appellant is entitled to a judgment that the deed of trust survived the HOA's foreclosure sale. Appellant introduced evidence demonstrating Fannie Mae's interest in the secured loan similar to that deemed sufficient in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234-36, 445 P.3d 846, 850-51 (2019), and respondent has not challenged this evidence on appeal or otherwise addressed appellant's argument that it is entitled to judgment in its favor. *See Pink v. Busch*, 100 Nev. 684, 691, 691 P.2d 456, 461 (1984) ("[U]pon reversal, where the material facts have been fully developed . . . and are undisputed such that the issues remaining are legal rather than factual, we will . . . remand the case to the lower court with directions to enter judgment in accordance with the opinion . . . ."). Consistent with the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Susan Johnson, District Judge
     Paul M. Haire, Settlement Judge
     Wolfe & Wyman LLP
     Kim Gilbert Ebron
     Fennemore Craig P.C./Reno
     Eighth District Court Clerk