**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Plaintiff-counter-
      defendant-Appellee,

  v.

CASA MESA VILLAS HOMEOWNERS
ASSOCIATION,

      Defendant,

 and

SATICOY BAY LLC SERIES 6671 W.
TROPICANA 103,

      Defendant-counter-claimant-
      Appellant.

No.   19-17133

D.C. No.
2:17-cv-01758-RFB-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted November 17, 2020[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON, HUNSAKER, and VANDYKE, Circuit Judges.

Saticoy Bay appeals from the district court's summary judgment order in favor of the Federal National Mortgage Association (Fannie Mae). We have jurisdiction under 28 U.S.C. § 1291, we review the grant of summary judgment de novo, *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017), and we affirm.

1.  For purposes of 12 U.S.C. § 4617(j)(3) (the Federal Foreclosure Bar) and Nevada law, Fannie Mae provided sufficient evidence to establish its interest in the Las Vegas residential property located at 6671 W. Tropicana Ave # 103 (Property) at and before the date of the Casa Mesa Villas Homeowners Association's (HOA) foreclosure sale. *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 n.3, 850–51 (Nev. 2019) (finding that business records supported by employee declarations and the judicially noticeable loan servicing guide sufficiently established Freddie Mac's property interest even where it was omitted from the recorded deed of trust); *Berezovsky*, 869 F.3d at 932–33 (same). Here, Fannie Mae retained a secured interest in the Property because the deed's recorded beneficiary, Mortgage Electronic Registration Systems, Inc. (MERS), had authority to foreclose on Fannie Mae's behalf, and Fannie Mae could compel MERS to assign the deed to Fannie Mae. *See In re Montierth*, 354 P.3d 648, 650–51 (Nev. 2015); *see also Nationstar Mortg., LLC v. Guberland LLC-Series 3*, 2018 WL 3025919, at *2 (Nev.

June 15, 2018) (unpublished disposition)[1] (applying *Montierth*'s rationale to facts nearly identical to those here).

Saticoy Bay's statute of frauds arguments likewise fail. Saticoy Bay was not party to Fannie Mae's acquisition of the note and deed, so under current Nevada law, it may not invoke the statute of frauds. *See Easton Bus. Opportunities, Inc. v. Town Exec. Suites*, 230 P.3d 827, 832 n.4 (Nev. 2010) (discussing "the general law that … statue of frauds … cannot ordinarily be asserted by third persons" (quoting Restatement (Second) of Contracts § 324 cmt. b (1981))). And the transaction Saticoy Bay impugns—Fannie Mae's April 2007 purchase of the note and deed— fully closed long ago, which also renders Nevada's statute of frauds inapplicable. *See Edwards Indus., Inc. v. DTE/BTE, Inc.*, 923 P.2d 569, 574 (Nev. 1996) (noting that full performance can render the statute of frauds inapplicable).

There is moreover no evidence in the record that the Federal Housing Finance Agency (FHFA), which holds Fannie Mae and its assets in conservatorship, affirmatively consented to the extinguishment of the interest in the Property. *See Berezovsky*, 869 F.3d at 929 (rejecting that Freddie Mac and the FHFA could "implicitly consent[]" to the foreclosure of a property interest). In fact, the evidence

---

[1] Under Nevada's appellate rules, unpublished dispositions may "establish mandatory precedent … in a related case …." Nev. R. App. P. 36(c)(2). The Nevada Supreme Court also permits citation to its unpublished dispositions for "persuasive value, if any …." *Id*. at 36(c)(3). The unpublished Nevada Supreme Court dispositions we cite herein grapple with issues in all important respects identical to those before us, and therefore possess especially persuasive value.

runs contrary: "FHFA confirms that it has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in connection with HOA foreclosures of super-priority liens."

Clear precedent likewise forecloses Saticoy Bay's remaining arguments that Fannie Mae failed to properly establish its property interest under Nevada law. *See, e.g., Daisy Tr.*, 445 P.3d at 849 ("Nevada's recording statutes did not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest"); *see also Berezovsky*, 869 F.3d at 930–31 ("The Federal Foreclosure Bar's declaration … supersede[s] any contrary law, including state law, that would allow foreclosure of Agency property without its consent.").

The Federal Foreclosure Bar accordingly applies, and the HOA foreclosure sale did not extinguish Fannie Mae's interest in the Property.[2]

2.      Saticoy Bay cannot seek refuge under the bona fide purchaser doctrine because it is not a bona fide purchaser—it had constructive notice of Fannie Mae's interest in the property. *See Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d

---

[2] Saticoy Bay's "conclusive statutory presumption" arguments that MERS—not Fannie Mae—is the beneficial owner of the deed also fail. Saticoy Bay was not party either to the deed of trust or its subsequent transfer to Fannie Mae, so it cannot invoke the presumption in NEV. REV. STAT. § 47.240(2). But § 47.240(2)'s presumption is inapplicable because Nevada law permits Fannie Mae to record its property interest as it did here. *Daisy Tr.*, 445 P.3d at 849. And § 47.240(2) is similarly inapplicable because there's no evidence Fannie Mae intentionally misled Saticoy Bay (or anyone) and falsified the deed.

1105, 1115 (Nev. 2016) (a purchaser is bona fide if it makes a purchase "without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry" (citation omitted)). We've already noted that Nevada law does not require Fannie Mae "to publicly record its ownership interest as a prerequisite for establishing [its property] interest." *Daisy Tr.*, 445 P.3d at 849; *Berezovsky*, 869 F.3d at 932–33. And the 2007 Deed of Trust contains a footer on every page that says: "NEVADA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT – MERS." This indicator of Fannie Mae's potential interest provides sufficient notice to later purchasers under Nevada law. *See CitiMortgage, Inc. v. TRP Fund VI, LLC*, 2019 WL 1245886, at *1 (Nev. Mar. 14, 2019) (unpublished disposition).[3]

3.    Saticoy Bay's remaining argument that the district court improperly granted Fannie Mae equitable relief is beside the point and lacks merit. When a court determines that a deed of trust survives a foreclosure sale by virtue of the Federal Foreclosure Bar, it grants relief "by operation of law." *Collegium Fund LLC Series 7 v. Ditech Fin., LLC*, 2020 WL 3469189, at *1 n.2 (Nev. June 24, 2020) (unpublished disposition). That is precisely what happened here.

**AFFIRMED**.

---

[3] Because Saticoy Bay is not a bona fide purchaser, we need not consider whether NEV. REV. STAT. § 111.325 is preempted by the Federal Foreclosure Bar.