# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS RENTAL & REPAIR, LLC
SERIES 63, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 80485

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an interpleader and quiet title action. Eighth Judicial District Court, Clark County; David M. Jones, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234-36, 445 P.3d 846, 850-51 (2019), we held that computer printouts from Freddie Mac's and its loan servicer's databases, combined with declarations by qualified declarants, were sufficient to satisfy NRS 51.135's standard for admitting business records. We further held that "in the absence of contrary evidence," those printouts and declarations were sufficient to support a summary judgment determination that Freddie Mac owned the loan secured by the deed of trust, such that the Federal Foreclosure Bar prevented an HOA's foreclosure sale from extinguishing the deed of trust. *Id.* at 236, 445 P.3d at 851.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-01513

Appellant contends that it produced contrary evidence in this case, such that the district court's summary judgment determination was erroneous. Primarily, appellant contends that (1) Fannie Mae entered into a settlement agreement with respondent's predecessor (Bank of America) wherein Bank of America agreed to reacquire a group of loans that it sold to Fannie Mae, and that the loan secured by the deed of trust in this case fits within the parameters of the reacquisition group, such that the loan may not have been federally owned at the time of the HOA's foreclosure sale. In support of this argument, appellant observes that respondent's witness (Alan Blunt) was unable to testify, based on respondent's redacted records, whether the subject loan was part of the reacquisition group. Additionally, appellant contends that a genuine issue of material fact exists regarding Fannie Mae's ownership at the time of the HOA's sale because (2) Fannie Mae's printouts show that Bank of America, and not Bank of America's predecessor (Countrywide), sold the loan to Fannie Mae; (3) the printouts show that the loan was "converted" but there is nothing in the record to explain the relevance of that term; (4) there is nothing in the record to indicate that Fannie Mae received monthly reports regarding the subject loan, despite the Fannie Mae Servicing Guide requiring such reports; and (5) Fannie Mae failed to intervene in the underlying litigation.[2]

_____

[2]Appellant also contends that the district court abused its discretion in admitting Felicia Miller's June 2019 declaration and related computer printouts because (1) Fannie Mae was not the record deed of trust beneficiary, (2) respondent did not produce an assignment to Fannie Mae as is required by the Fannie Mae Servicing Guide, and (3) respondent did not produce the loan servicing agreement between itself and Fannie Mae. We are not persuaded that these three arguments have any bearing on the district court's decision to admit the declaration and printouts into evidence. To the extent appellant is contending those arguments raise a genuine issue of material fact regarding Fannie Mae's ownership, *Daisy*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

We are not persuaded that these arguments give rise to an inference that Fannie Mae did not own the loan. *See Wood*, 121 Nev. at 732, 121 P.3d at 1031 (observing that a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the operative facts" (internal quotation marks omitted)). To the extent that the loan was within the parameters of any settlement agreement, Fannie Mae's computer printouts reflect that Fannie Mae continued to receive updates on the loan's status even after the settlement date, which would not have been the case if Bank of America had reacquired the loan.[3] With regard to Bank of America (not Countrywide) being listed as the seller, the same printout shows that Fannie Mae acquired the loan in 2007, and given appellant's own acknowledgment that Bank of America's predecessor merged with Countrywide in 2011, it is not reasonable to infer that Fannie Mae somehow acquired the loan from Bank of America after the HOA's 2013 foreclosure sale.[4] Similarly, we are not persuaded that it is reasonable to infer that Fannie Mae did not own the loan simply because its printout refers to the loan as being "converted." Finally, it would be unreasonable to infer from Fannie Mae's decision not to intervene that it somehow had no interest in

---

*Trust* expressly rejected the third of these arguments, and we conclude that *Daisy Trust* rejected the first two of these arguments by necessary implication. 135 Nev. at 234-35, 445 P.3d at 849-50.

[3]The post-settlement updates to Fannie Mae also belie appellant's contention that Fannie Mae did not receive monthly reports regarding the subject loan. Relatedly, these updates dispel any speculation that Mr. Blunt's testimony arguably created.

[4]Moreover, both Mr. Blunt and Ms. Miller testified at the February 2019 evidentiary hearing that the promissory note was endorsed in blank by Countrywide, which is in compliance with Section A2-1-04 of the Fannie Mae Servicing Guide.

the loan. *See Nationstar Mortg. LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017) (recognizing that a loan servicer may litigate on Fannie Mae's or Freddie Mac's behalf).

Appellant additionally contends that under *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), the district court should have considered appellant's status as a putative bona fide purchaser. However, equitable considerations cannot overcome the preemptive effect of the Federal Foreclosure Bar, and as such, the district court correctly determined that the deed of trust survived the HOA's foreclosure sale by operation of law. To the extent that appellant raises policy-based arguments against application of the Federal Foreclosure Bar, we decline to reconsider our decision in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 417 P.3d 363 (2018). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Stiglich                                              Silver

cc:   Hon. David M. Jones, District Judge
      Persi J. Mishel, Settlement Judge
      Clark Newberry Law Firm
      Akerman LLP/Las Vegas
      Fennemore Craig P.C./Reno
      Eighth District Court Clerk