NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, N.A., FKA Countrywide Home Loans Servicing LP, on behalf of BAC Home Loans Servicing LP, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> T-SHACK, INC., <br><br> Defendant-Appellant, <br><br> and <br><br> WESTTROP ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., <br><br> Defendants. | No.   20-15627 <br><br> D.C. No. 2:16-cv-01451-KJD-DJA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted December 6, 2021[**]
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

T-Shack appeals the district court's order granting summary judgment in favor of Bank of America, N.A. ("Bank of America") and declaring that Bank of America's interest in the property located at 5155 W. Tropicana Avenue, unit 2050, Las Vegas, Nevada survived the nonjudicial foreclosure. We review de novo a grant of summary judgment. *Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 954 (9th Cir. 2021) ("*Millikan*"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.   Under Nevada law, a homeowner's association ("HOA") may conduct nonjudicial foreclosures of properties if unpaid dues accrue. *See* Nev. Rev. Stat. Ann. § 116.3116(2) (West 2021). Once accrued, the HOA receives a superpriority lien interest in the property, and a foreclosure pursuant to that lien can extinguish all other lien interests in the property, including deeds of trust. *See id.* But federal law prohibits foreclosure of Federal Housing Finance Agency ("FHFA") property without FHFA's consent. 12 U.S.C. § 4617(j)(3). This is known as the Federal Foreclosure Bar. It applies if, "at the time of the foreclosure sale, (1) [Freddie Mac] was in FHFA conservatorship . . .; (2) [Freddie Mac] owned the Deed; and (3) [Freddie Mac] had an agency relationship with [Bank of America], the beneficiary of record on the Deed." *Millikan*, 996 F.3d at 955. An effective foreclosure requires FHFA's consent. 12 U.S.C. § 4617(j)(3); *see also Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017). Because the Federal Foreclosure Bar applies here, Freddie

Mac's deed of trust was not extinguished.[1]

At the time of the foreclosure sale in 2013, Freddie Mac, like its sister corporation, Fannie Mae, was in FHFA conservatorship.[2] *See Millikan*, 996 F.3d at 955–56. The district court did not err in concluding that the undisputed evidence showed Freddie Mac owned the deed. Bank of America provided business records from Freddie Mac's MIDAS system, excerpts from the Freddie Mac Guide, and a declaration from a Freddie Mac employee, explaining that Freddie Mac acquired ownership of the loan in April 2007, which continued through the time of the HOA sale. The declaration also explained that the Guide governs the contractual relationship between Freddie Mac and its servicers, including Bank of America, and that Bank of America was the record beneficiary at the time of the HOA sale. Finally, contrary to T-Shack's assertion, Bank of America did not bear the burden of proving that Freddie Mac did not consent. *See Berezovsky*, 869 F.3d at 929 ("[T]he statutory language cloaks Agency property with Congressional protection

---

[1] Although the district court held that Bank of America's tender of the superpriority amount before the HOA sale was an independent ground for granting summary judgment in Bank of America's favor, and T-Shack made several arguments attacking the tender, "[w]e need not reach [Bank of America's] alternative excuse of tender arguments because [Freddie Mac's] Deed was not extinguished as a result of the application of the Federal Foreclosure Bar." *Millikan*, 996 F.3d at 959 n.4.

[2] The district court properly took judicial notice of the fact that Freddie Mac was in FHFA conservatorship. The fact was easily verifiable through federally maintained websites. *See* Fed. R. Evid. 201(b).

unless or until the Agency affirmatively relinquishes it."). And as the district court correctly found, in April 2015, FHFA publicly stated that it has not and will not consent to the foreclosure of any Fannie Mae or Freddie Mac lien or property interest in connection with HOA foreclosures of superpriority liens.[3]

2. T-Shack argues that the Statute of Frauds precludes the Federal Foreclosure Bar from protecting the deed of trust from extinguishment. This argument is foreclosed by binding precedent. T-Shack was not a contracting party, and the Nevada Supreme Court has held that "[t]he defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest." *Millikan*, 996 F.3d at 957 (citation omitted). And the fact that the loan was acquired years ago "undermines the applicability of the statute of frauds." *Id.*

3. T-Shack argues that because an assignment to Freddie Mac was not recorded, Freddie Mac did not have a property interest. This, too, is foreclosed by binding precedent. "Nevada's recording statutes do not require [Freddie Mac] to be identified as the beneficiary of record on the Deed in order to establish its ownership interest in the loan . . . ." *Id.* All that's required is that Bank of America, Freddie Mac's loan servicer and agent, "was listed as the beneficiary on the recorded Deed at the time of the foreclosure sale." *Id.* The district court correctly found that Bank

---

[3] The district court properly took judicial notice of the FHFA statement because it was a public document that is available for review on a government website. *See* Fed. R. Evid. 201(b).

4

of America was listed as the beneficiary on the deed at the time of the sale.

4. T-Shack argues that the 2011 assignment of the deed of trust to Bank of America divested Freddie Mac of any ownership interest. The district court correctly rejected this argument. The assignment transferred the beneficial interest to Bank of America; Bank of America was just a servicing agent for Freddie Mac. *See id.* at 954–56.

5. T-Shack argues that because it is a bona-fide purchaser, Freddie Mac cannot enforce its interest against T-Shack. This argument is foreclosed by binding precedent. Because it was sufficient that Bank of America was listed as the beneficiary on the deed of trust, "it [is] [un]necessary to address [T-Shack's] argument that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect." *Id.* at 957 (quoting *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019)).

6. T-Shack argues that the Federal Foreclosure Bar is unconstitutional for violating due process. The district court properly rejected this argument, which is foreclosed by binding precedent. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1150–51 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019).

7. T-Shack and its counsel have pursued several appeals in this court raising many of the same issues raised here. Many—if not all—of the issues are foreclosed

5

by old and new binding precedent.  We now warn T-Shack and its counsel not to pursue any further meritless appeals of clearly foreclosed claims.

**AFFIRMED.**