# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
JPMORGAN CHASE BANK, NA, A
NATIONAL ASSOCIATION, FOR
ITSELF AND AS ACQUIRER OF
CERTAIN ASSETS AND LIABILITIES
OF WASHINGTON MUTUAL BANK,
FROM THE FDIC, ACTING AS
RECEIVER,
Respondent.

No. 82143



FILED

MAR 31 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgement in an HOA foreclosure matter. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

In 2003, Cory Carstens bought a house in Las Vegas, Nevada, at 11282 Campanile Street, granting a deed of trust to his lender. In 2004, Fannie Mae bought the loan. The Federal Housing Finance Authority (FHFA) became Fannie Mae's conservator in 2008. In 2012, Carstens's HOA foreclosed, selling his home to appellant SFR Investments Pool 1, LLC, for $5,700. In 2013, SFR sued JPMorgan, servicer of Fannie Mae's loan, for declaratory relief and quiet title. The District Court twice denied JPMorgan's motion for summary judgment, but after the Nevada Supreme Court issued its opinion in *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 445 P.3d 846 (2019), the district court granted JPMorgan's motion to

reconsider the order denying its renewed motion for summary judgment.

SFR appeals, raising multiple constitutional and substantive arguments against Fannie Mae's property interest. Reviewing de novo, we find SFR's arguments unpersuasive. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing a district court's decision to grant summary judgement de novo).

First, SFR failed to assert any claim or defense relating to the unconstitutional structure of the FHFA under *Collins*[1] before the district court, so we decline to consider them for the first time on appeal. *Einhorn v. BAC Home Loans Servicing, LP*, 128 Nev. 689, 693 n.3, 290 P.3d 249, 252 n.3 (2012) (declining to consider arguments without record citations and not made before the district court). Second, we determine that SFR did not suffer compensable harm from the unconstitutional structure of the FHFA through the FHFA's alleged implicit waiver of the Federal Foreclosure Bar. *Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017) (finding that 12 U.S.C. 4617(j)(3) "cloaks [the FHFA's] property with Congressional protection unless or until the [FHFA] affirmatively relinquishes it."). And third, SFR did not suffer compensable harm from the unconstitutional structure of the FHFA through any hypothetical possibility of the privatization of the FHFA's conservators. *See Bayview Loan Servicing, LLC v. 6364 Glenolden St. Tr.*, No. 19-17544, 2021 WL 4938115, at *2 (9th Cir. Oct. 20, 2021) (Memorandum) (explaining that damages claims against the

---

[1]*Collins v. Yellen*, 141 S. Ct. 1761, 1788 (2021) (finding that the Housing Economic Recovery Act's for-cause restriction on the President's ability to remove the FHFA's Director violated the separation of powers but concluding that the Director still had authority to carry out the functions of the office).

FHFA under *Collins* must link "a specific, tangible harm to the for-cause removal provision.").

Further, we have already determined SFR's evidentiary arguments in *Daisy Trust* and find no relevant distinction between that case and the present one as to warrant a different outcome. *See Daisy*, 135 Nev. at 234-35, 445 P.3d at 850. For these reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:     Chief Judge, Eighth Judicial District Court
        Eighth Judicial District Court, Department 32
        Kim Gilbert Ebron
        Ballard Spahr LLP/Las Vegas
        Eighth Judicial District Court Clerk