# IN THE SUPREME COURT OF THE STATE OF NEVADA

BDJ INVESTMENTS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING LLC, A
FOREIGN LIMITED LIABILITY
COMPANY,
Respondent.

No. 77347

FILED

SEP 18, 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), we held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as a conservator of a federal entity such as Freddie Mac or Fannie Mae). We

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-34439

further held that the FHFA is not required to actively resist foreclosure and that its property is cloaked by the Federal Foreclosure Bar's "protection unless or until [the FHFA] affirmatively relinquishes it." *Id.* at 274, 417 P.3d at 368 (quoting *Berezovsky v. Moniz*, 869 F.3d 923, 929 (9th Cir. 2017)).

Moreover, we recently held that Nevada law does not require a federal entity, such as Fannie Mae, to publicly record its ownership interest in the subject loan, and that its acquisition of a loan is not a conveyance within the meaning of NRS 111.325 or assignment under NRS 106.210. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019). We further held that evidence such as that presented by respondent below sufficiently demonstrates Fannie Mae's ownership of the loan. *Id.* at 234-36, 445 P.3d at 850-51. We also recognized that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Id.* at 234, 445 P.3d at 849. Consistent with these decisions, we reject appellant's arguments and conclude that the district court correctly determined that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the foreclosure sale.

Regarding appellant's final argument that the Federal Foreclosure Bar is unconstitutional, we agree with the Ninth Circuit Court of Appeals' decision in *Federal Home Loan Mortgage Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147-51 (9th Cir. 2018), that (1) an HOA foreclosure sale purchaser does not have a constitutionally protected

property interest in obtaining a property free and clear of a first deed of trust; and (2) any lack of procedure implicates an HOA's (and not a purchaser's) procedural due process rights. Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. Timothy C. Williams, District Judge
      James A. Kohl, Settlement Judge
      Christopher V. Yergensen
      Akerman LLP/Las Vegas
      Fennemore Craig P.C./Reno
      Eighth District Court Clerk