IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 1405
SOUTH NELLIS BOULEVARD #2121,
Appellant,
vs.
DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING LLC,
Respondent.

No. 81196

FILED

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY: _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev.724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), we held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (FHFA) (or when the FHFA is acting as a conservator of a federal entity such as Freddie Mac or Fannie Mae).

Moreover, we recently held that Nevada law does not require a federal entity, such as Fannie Mae, to publicly record its ownership interest in the subject loan because its acquisition of a loan does not implicate Nevada's recording statutes, as it is not an assignment or conveyance. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019). We also held that evidence such as that presented by respondent below sufficiently demonstrates Fannie Mae's ownership of the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-13967

loan. *Id.* at 234-36, 445 P.3d at 850-51. And, we recognized that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Id.* at 234, 445 P.3d at 849. Consistent with these decisions, we reject appellant's arguments and conclude that the district court correctly determined that the foreclosure sale did not extinguish the first deed of trust because Fannie Mae owned the secured loan at the time of the foreclosure sale.[2] We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.        _____, J.
Stiglich                                                      Silver

cc:    Chief Judge, Eighth Judicial District Court
       Department 4, Eighth Judicial District Court
       Bohn & Trippiedi
       Wolfe & Wyman LLP
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[2]To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondent's evidence or that respondent failed to demonstrate Fannie Mae's ownership. *See* 135 Nev. at 234, 445 P.3d at 850 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion). Additionally, because the Federal Foreclosure Bar is dispositive, we need not address appellant's remaining arguments regarding tender and equitable relief.