IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC., A
NEVADA CORPORATION,
Appellant,
vs.
BANK OF AMERICA, N.A., A
NATIONAL BANKING ASSOCIATION,
Respondent.

No. 80413

FILED

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), we held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as a conservator of a federal entity such as Freddie Mac or Fannie Mae). Moreover, we recently held that Nevada law does not require a federal entity, such as Freddie Mac, to publicly record its ownership interest in the subject loan because its acquisition of a loan does not implicate Nevada's recording statutes. *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019). We also held that evidence such as that presented by respondent below sufficiently demonstrates Freddie Mac's ownership of the loan. *Id.* at 234-36, 445 P.3d at 850-51. And, we recognized

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

 

21-13970

that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac to publicly record its ownership interest in the subject loan. *Id.* at 234, 445 P.3d at 849.

Consistent with these decisions, we reject appellant's argument that there remain genuine issues of material fact regarding Freddie Mac's ownership of the loan because it failed to record its interest in the loan and because the assignment of the deed of trust listed respondent as the owner of all beneficial interest under the deed of trust.[2] *See Wood*, 121 Nev. at 729, 121 P.3d at 1029 (holding that summary judgment is appropriate where no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law). We further reject appellant's argument that the Federal Foreclosure Bar does not apply because Freddie Mac failed to record its beneficial interest in the property when it purchased the loan at issue before being placed under the FHFA's conservatorship. When Freddie Mac purchased the loan in 2007, no statute required that it record its beneficial interest. *See Daisy Tr.*, 135 Nev. at 233-34, 445 P.3d at 849. Additionally, the Federal Foreclosure Bar's protections apply as soon as the FHFA became Freddie Mac's conservator. *Cf.* 12 U.S.C. § 4617(b)(2)(A) (providing that as conservator, the FHFA succeeds immediately and by operation of law to "all rights, titles, powers, and privileges" of Freddie Mac "with respect to [Freddie Mac's] assets"); *id.* §

---

[2]To the extent appellant has raised other arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondent's evidence or that respondent failed to demonstrate Freddie Mac's ownership. 135 Nev. at 234, 445 P.3d at 850 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

4617(j)(3) ("No property of the [FHFA] shall be subject to . . . foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of the [FHFA]."). Thus, the district court correctly determined that the Federal Foreclosure Bar applied, and thus the foreclosure sale did not extinguish the first deed of trust.[3] Because the Federal Foreclosure Bar is dispositive, we need not reach the issue of whether formal tender was excused. And we decline respondent's request to impose sanctions against appellant's counsel for the arguments related to the Federal Foreclosure Bar. We caution appellant's counsel, however, that future filings making arguments that this court has previously rejected may lead to the imposition of sanctions. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Nancy L. Allf, District Judge
       Hong & Hong
       Akerman LLP/Las Vegas
       Eighth District Court Clerk

---

[3]Appellant fails to explain how NRS 205.395 (making false representations concerning title to real property a crime) would entitle it to relief in this civil matter and we therefore do not address that argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that the appellate courts need not consider claims unsupported by cogent argument or relevant authority).