NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> RAINBOW BEND HOMEOWNERS ASSOCIATION; PHIL FRINK & ASSOCIATES, INC., <br><br> Defendants, <br><br> and <br><br> ROSEMARIE AUSTIN, <br><br> Defendant-Appellant. | No. 19-17091 <br><br> D.C. No. 3:17-cv-00374-MMD-WGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted December 21, 2021[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Rosemarie Austin appeals from the grant of summary judgment to Plaintiffs Nationstar Mortgage LLC and Federal National Mortgage Association (Fannie Mae) in this quiet title action. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

Nevada law "allows homeowners associations to pursue liens on members' homes for unpaid assessments and charges." *CitiMortgage, Inc. v. Corte Madre Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020). And if the deed-of-trust holder fails to pay certain "superpriority" components of an HOA's lien, the "HOA can extinguish the first deed of trust by foreclosing" on the lien. *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 622 (9th Cir. 2019) (per curiam). Fannie Mae, which has owned the relevant deed of trust since 1993, apparently did not pay any superpriority amount to the HOA here.

But Fannie Mae's deeds of trust enjoy special protection from Nevada's extinguishment law. Fannie Mae is under the conservatorship of the Federal Housing Finance Agency ("FHFA"), and the Federal Foreclosure Bar protects FHFA's property from "foreclosure or sale without the consent of the Agency."

2

*See* 12 U.S.C. § 4617(j)(3).[1]  As we have observed, "The Nevada HOA Law and the Federal Foreclosure Bar intersect . . . when an HOA exercises its right under the Nevada HOA Law to foreclose on a property that is subject to a first deed of trust owned by . . . Fannie Mae." *Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 954 (9th Cir. 2021); *see Berezovsky v. Moniz*, 869 F.3d 923, 930 (9th Cir. 2017) (concluding "the Federal Foreclosure Bar implicitly demonstrates a clear intent to preempt Nevada's superpriority lien law").

Because Fannie Mae has continuously owned the deed of trust since 1993 and thus owned it during the 2012 HOA sale, and because Fannie Mae (or FHFA) has not consented to any extinguishment of the deed of trust, the district court's conclusion necessarily follows:  "[T]he Federal Foreclosure Bar protected Fannie Mae's [deed of trust] from extinguishment given that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale."  Contrary to Austin's assertions, whether Fannie Mae was listed on the deed of trust is

---

[1] As we have further explained:

> [W]hen Fannie Mae was placed under FHFA's conservatorship in 2008, FHFA immediately succeeded to all rights in Fannie Mae's assets.  *See* 12 U.S.C. § 4617(b)(2)(A)(i).  As a result, FHFA now holds the rights to that first deed of trust—an asset of Fannie Mae's— and as such, the deed is now FHFA property and subject to the Federal Foreclosure Bar.

*Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 954 (9th Cir. 2021).

irrelevant to the question of Fannie Mae's ownership interest. *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019) (en banc) ("Nevada's recording statutes did not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest.").

Austin contends Nationstar "lack[s] standing in including Fannie Mae as a co-plaintiff."[2] Normally, of course, analysis of potential standing issues would come before the merits discussion. But Austin appears by "standing" to mean "permission," contending Nationstar never "received written permission from Fannie Mae to file [this] action, as required by law."[3] The "law" to which Austin points is Fannie Mae's "Servicing Guide," a document Fannie Mae provides to its agents to explain the mechanics of "Doing Business with Fannie Mae." Whether Nationstar complied with Fannie Mae's guidance is irrelevant to either party's standing to bring this lawsuit. Austin's other seemingly procedurally grounded arguments—such as that "Fannie Mae was not informed of any action taken by Nationstar on its behalf," or that something requires Fannie Mae "be a participant"

---

[2] Austin refers to both Bank of America, N.A. ("BANA") and Nationstar, but only Nationstar is a party here. BANA's alleged rejection of a settlement offer is irrelevant.

[3] It is settled that "a loan servicer has standing to assert the Federal Foreclosure Bar on behalf of . . . Fannie Mae," so to the extent Austin contends otherwise, such contention is foreclosed. *See Saticoy Bay*, 996 F.3d at 955 (quoting *Daisy Tr.*, 445 P.3d at 847 n.1).

in the litigation in a more active way than it was here—are similarly not connected to any apparent legal doctrine and provide no basis for reversal.

Austin also attacks as "meager and unsubstantiated" the evidence on which Plaintiffs relied in moving for summary judgment. But Plaintiffs proffered exactly what this court has made clear suffices to establish ownership: "Fannie Mae business records, supported by a declaration from . . . an Assistant Vice President for Fannie Mae, identifying Nationstar as the current loan servicer." *See Saticoy Bay*, 996 F.3d at 955; *see also Berezovsky*, 869 F.3d at 932 & n.8. Despite Austin's assertions that the declaration and/or business records are in some ways "misleading," and that she was entitled to further discovery to prove it, Austin fails to show any specific reason to doubt the evidence regarding the essential fact of Fannie Mae's unbroken ownership of the deed of trust. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (explaining that movant seeking further discovery must present "specific facts" that actually "exist" and are "essential to oppose summary judgment").[4]

Austin's remaining arguments—such as that "Plaintiffs' lack of due diligence" in various respects might demonstrate "that Fannie Mae is not the owner

---

[4] Austin also argues the declarant was an "undisclosed witness" under Rule 37(c)(1) whose testimony infringed several of Austin's constitutional rights. Austin never propounded discovery, so it is unsurprising that she did not learn the identity of Plaintiffs' authentication declarant until Plaintiffs submitted evidence in connection with their summary judgment motion.

of the [deed of trust] or has no interest in protecting its own assets"—fare no better. Such speculation does not call into doubt that Fannie Mae has owned the deed of trust since 1993 and thus owned it during the 2012 HOA sale. Fannie Mae (or FHFA) never acquiesced to any extinguishment of the deed, so the Federal Foreclosure Bar preserved it. *See* 12 U.S.C. § 4617(j)(3).

**AFFIRMED**.[5]

---

[5] Austin's motion to stay is **DENIED** as moot.